IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SDAHRIE HOWARD, DENISE HOBBS, and ELLENOR ALTMAN, individually and on behalf of all others similarly situated, | ) ) Case No. 17-cv-8146 ) ) |
| Plaintiffs, | ) Judge ) |
| v. | ) Magistrate Judge ) |
| COOK COUNTY SHERIFF'S OFFICE, THOMAS J. DART, both individually and in his official capacity as Sheriff of Cook County, and COOK COUNTY, | ) ) ) **JURY TRIAL DEMANDED** ) ) |
| Defendants. | ) |

# COMPLAINT

Plaintiffs Sdahrie Howard, Denise Hobbs, and Ellenor Altman, on behalf of themselves and all others similarly situated, complain as follows against Defendants the Cook County Sheriff's Office ("Sheriff's Office"), and Thomas P. Dart, in his official and individual capacities, and Cook County:

## NATURE OF THE CASE

1. This is a class action complaint brought to remedy sex discrimination in employment in violation of Title VII of the Civil Rights Act of 1964 ("Title VI"), as amended, 42 U.S.C. §§ 2000e *et seq.*, the Illinois Civil Rights Act, 740 ILCS 740 ILCS 23/5(a)(1), and the Equal Protection Clause of the United States Constitution.

2. Plaintiffs and the Class they seek to represent are female correctional officers, up to the rank of lieutenant, employed by the Cook County Sheriff's Office

to guard and supervise pre-trial detainees at the Cook County Department of Corrections ("Jail"). In performing their jobs, Plaintiffs and all other members of the proposed class are chronically subjected to a sexually hostile work environment resulting from the Sheriff's Office's acquiescence in extreme forms of sexual harassment by male detainees who: routinely expose their genitalia to Plaintiffs and other members of the class; brazenly masturbate in front of them, including, at times, aiming ejaculations at them; grope and grab them; subject them to sexually degrading insults and slurs; and threaten them with sexual violence.

3. Male correctional officers are rarely, if ever, subjected to this behavior.

4. The work environment that female correctional officers are forced to endure at the Jail is permeated with discriminatory intimidation, ridicule and insult so severe and pervasive and so consistently traumatizing as to make the Jail an objectively abusive and hostile workplace for women and make the terms and conditions of employment for female correctional officers different than for men who work in the same job titles.

5. The frequency and severity of the sexual harassment which women employed at the Jail are forced to endure is escalating. Many members of the proposed class in this case fear that it will escalate to the point of rape or, worse, result in fatalities.

6. The Defendants are well aware of the frequency and scale of this harassment. According to the Sun Times, the Sheriff's Office has acknowledged that, in just the period between July 1, 2015, and Jan. 20, 2016, there were more

than 200 incidents of Jail inmates exposing themselves or masturbating. https://chicago.suntimes.com/news/jail-inmates-target-female-guards-lawyers-with-sexual-abuse/.

7. The Cook County Public Defender, Amy Campanelli, has decried the rising number of instances where her staff are subjected to inmates masturbating and indecently exposing themselves as a "crisis" and a "daily occurrence."

8. The majority of victims, however, are female correctional officers.

9. The Defendants named in this complaint have facilitated and permitted the sexually hostile work environment by tolerating the chronic sexual harassment, intimidation, and aggression against female staff at the Jail, and they have failed to take steps reasonably calculated to stop or correct it.

10. Other correctional institutions do better. So can the Sheriff of Cook County.

11. The legal obligation to protect employees from sexual harassment extends to sheriffs and wardens. Adopting and implementing measures reasonably calculated to curtail sexual harassment of female staff by male detainees is not optional, as courts have repeatedly held. See *Erickson v. Wisconsin Dept. of Corrections,* 469 F.3d 600 (7th Cir. 2006); *Beckford v. Department of Corrections,* 605 F.3d 951 (11th Cir. 2010); *Freitag v. Ayers*, 468 F.3d 528 (9th Cir. 2006).

12. At best, the Sheriff's Office has exhibited reckless indifference for the rights of female correctional officers. As the Sheriff's chief policy director recently explained, in the Sheriff's Office's view, sexual assaults of female staff are simply

"something that happens in custodial environments, period."

https://chicago.suntimes.com/chicago-politics/cook-county-inmates-masturbating-public-defenders/. Unless enjoined by this Court, the Defendants will continue to tolerate sexual harassment of female correctional officers at the Cook County Jail.

13. On November 8, 2017, female lawyers and law clerks employed by the Cook County Public Defender filed a class action lawsuit alleging that the detainee behavior described in this complaint, and the Sheriff's Office's failure to curtail it, have also created a hostile work environment for them. *Brown et al. v. Cook County et al.*, Case No. 17-C-8085 (N.D. Ill.) (Kennelly, J.). Under Local Rule 40.4, these two cases are related: they involve some of the same issues of fact or law, including the Defendant Dart's legal obligation to curtail sexually assaultive behavior by male detainees at the Jail; they grow out of many of the same occurrences; and they both seek injunctive relief against some of the same defendants, to curtail the same misconduct.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this case under 28 U.S.C. §§ 1331 and 1343 and under 42 U.S.C. § 2000e-5(f)(3).

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b). Plaintiffs are or have been residents of the City of Chicago, County of Cook, State of Illinois. The acts that gave rise to the claims alleged in this Complaint occurred in Illinois and in this District.

## EXHAUSTION OF ADMINISTRATIVE PREREQUISITES

16. Plaintiffs have fulfilled all administrative prerequisites necessary to maintain this action. They filed timely EEOC charges. Those charges, like this complaint, contain class allegations and addressing the conduct described in this complaint. And plaintiffs have timely filed this suit, within 90 days ago of receiving notification of their right to sue.

## PARTIES

17. Plaintiffs Sdahrie Howard, Ellenor Altman, and Denise Hobbs are female correctional officers employed by the Sheriff's Office.

18. Defendant Cook County is a municipality organized under Illinois' County Code, 55 ILCS 5/1-1001 *et seq.*, and is a necessary party to this complaint for purposes of indemnifying the Sheriff's Office and Defendant Dart.

19. Defendant Cook County Sheriff's Office is a unit of local government, organized under 55 ILCS 5/3-6001–6036, and has at all times relevant to this complaint been the "employer" of correctional officers at the Cook County Jail, for purposes of Title VII.

20. Defendant Thomas J. Dart is the Sheriff of Cook County, with responsibility and authority for running the Jail, including for promulgating rules, regulations, policies, and procedures governing both the conduct of detainees at the Jail and the training and protection of staff employed by the Jail. He is a final policymaker, with final policymaking authority, in regard to all policies, customs and practices of the Sheriff's Office alleged in this complaint, and he performed all

5

acts, omissions, and conduct attributed to him in this complaint under color of law. He is sued in both his individual and official capacities.

## FACTUAL ALLEGATIONS

21.     On information and belief, the Sheriff's Office is the second largest sheriff's department in the United States. A substantial proportion of the correctional officers assigned to the Jail—several hundred at least—are females.

22.     Plaintiffs Sdahrie Howard, Ellenor Altman, and Denise Hobbs are certified Illinois peace officers, employed as Sheriff's Deputies, assigned to work at the Cook County Jail as correctional officers.

23.     Plaintiffs have each been subjected to sexual harassment by male detainees at the Jail, including by having male detainees who have indecently exposed to them, masturbated at them, sexually propositioned them, and assaulted them. They have also witnessed other female correctional officers being similarly victimized. Plaintiffs are veteran officers assigned to the Jail and have experienced and witnessed sexual harassing and abusive conduct by male detainees during, and before, the date 300 days prior to filing their charges of discrimination with the EEOC, and the two-year period prior to the filing of this complaint.

24.     Each of the Plaintiffs has also filed one or more incident reports documenting sexual harassment against them by male detainees including reports filed in 2016 or 2017. The named Plaintiffs have complained to Jail administrators about the hostile work environment, to no avail. Each has and continues to suffer damages as a direct and proximate result of the Defendants' failure to take swift or

effective corrective actions in response to the sexual harassment they have suffered. The damages include severe mental anguish and other emotional distress; headaches, stomach upset, and other physical symptoms of emotional distress; nightmares; sexual dysfunction; fear and anguish when going to work; burnout; depletion of sick leave; and fear of reprimand for pursuing their complaints.

25. The following are examples of the sexual harassment and violence to which female correctional offices are chronically subjected by male detainees:

    a. Indecent exposure, especially of genitalia;

    b. Exhibitionist masturbation;

    c. Ejaculated semen, aimed at female correctional officers;

    d. Feces and urine, thrown at them;

    e. Lewd gestures;

    f. Physical assaults, including detainees rubbing their penises against female officers' buttocks and grabbing female officers' breasts;

    g. Threats of sexual violence, such as: "I'm going to fuck you up, bitch." "I'll fuck the shit out of you." "I'm going to fuck you in your ass." One inmate told an officer that he was going to beat her, rape her, and force her to perform fellatio on him, and if she didn't perform fellatio well enough, he would kill her;

    h. Sexual slurs, such as: "cunt," bitch," and "whore"; and

      i.      Comments regarding their breasts, buttocks, curves, shape, weight, or size.

26.    The following are further examples of sexual harassment that female correctional officers have been subjected to:

      a.      A female correctional officer walked down a dormitory tier and was confronted by an entire tier of detainees with their penises thrust through the "chuck holes" in their cell doors, through which food is served.

      b.      A female correctional officer went to a cell to dispense medication to a detainee. She found him lying on his bed masturbating. When she stepped away from the doorway in disgust, he rebuked her: "Look at me while I'm taking you!"

      c.      Male detainees have threatened to rape or kill female officers who complete incident reports or press charges against them for sexual misconduct.

      d.      Detainees in Division 9 have formed the "Savage Life" gang, whose primary objective is to engage in and orchestrate sexually threatening behavior, directed at female officers.

27.    Having endured extreme harassment, female correctional officers are often discouraged from reporting it or from advocating for protection.

28.    Female correctional officers have been told—by male supervisory officers or Jail administrators—that:

8

    a.    Being exposed to detainee sexual misconduct is "just part of the job," that they "signed up for" the behavior, "if you don't like it, leave," or "they're locked up, what do you expect?"

    b.    "This is why you get paid $70,000," "You have seen a penis before," and "Why is she complaining? She works at a fucking jail?"

    c.    Sexually harassing conduct is "human nature."

    d.    Sexual comments by a detainee were a "compliment."

    e.    "Until you have a sex change, this is what you have to deal with."

    f.    Threatened adverse action against female officers who have sought legal assistance or file a lawsuit.

    g.    Advised female correctional officers that writing incident reports is a waste of time, and that nothing will happen.

29.    Female correctional offers have also been: (a) threatened with adverse employment actions for considering seeking legal assistance or filing a lawsuit, and (b) been advised that trying to pursue criminal charges is a waste of time and that nothing will happen.

30.    Female correctional officers have written incident reports to report sexual harassment by male detainees that their superiors have refused to accept.

31. Female correctional officers have watched male supervisors stand idly by as male detainees masturbated in front of them, refusing to intervene or order the detainees to stop.

32. After a male detainee threatened to rape a female officer, she reported the threat over the radio. She was then instructed by supervisors not to do that again—lest other officers hear such comments.

33. Despite the discouragements, female correctional officers have persisted. They have filed scores of incident reports documenting the sexual harassment they have been subjected to. They have complained to their superiors. They have filed grievances with Teamsters Local 700, their union. Teamsters Local 700 has filed a notice of safety and health concerns with the Occupational Safety and Health officer of the Illinois Department of Labor describing how "[o]fficers are exposed to acts of a physical, sexual and degrading nature on a daily basis from the detainees they monitor" and how the union's "notifications of these issues to administration on multiple occasions and in multiple forums … have been met with a steadfast refusal to implement any remedial measures for officer safety." The press has run stories. EEOC charges have been filed (and served on the Sheriff's Office). Amy Campanelli, the Cook County Public Defender, has protested to Defendant Dart. So far, however, all of this has been to no avail.

34. Hostility to the exercise and protection of legal rights appears to be deep-seated at the Sheriff's Office. Among its General Orders, the office has a "Conduct Policy" for employees that purports to prohibit employees from, among

other things, "Initiating or receiving any civil action for recovery of any damages or injuries incurred in the course and scope of employment without first notifying, via the chain of command, the department bead or the authorized designee and the CCSO." Sheriff's Order 11.2.20.1, Section VI.B.b.

35. This complaint does not seek to impose strict liability on Defendants for detainees' harassing conduct. There are ample available steps that Defendants could take that they have not taken.

36. Defendants do not provide training to correctional officers about how to address sexual harassment by male detainees, decrease the opportunity for detainees to repeat the behavior, or minimize the impact of the behavior.

37. On information and belief, Defendants do not have a written policy regarding sexual harassment of their employees by detainees.

38. On information and belief, Defendants do not have a specific written policy regarding exhibitionist masturbation, or other sexually aggressive behavior, by male detainees.

39. There are available standard measures, used by other jails and prisons, that Defendant could use, or use more often, to stop or mitigate sexual harassment of female correctional officers, rather than acquiescing in and ratifying it. These measures include: opaque or one-way mirrored coverings on cell doors and windows, exposure control jumpsuits, without zippers or pockets, physical restraints, serious disciplinary measures, isolation of repeat harassers, referrals for prosecution, administrative segregation, zero tolerance policies, training of

correctional officers to respond effectively, and counseling for traumatized correctional officers.

## CLASS ALLEGATIONS

40. Plaintiffs seek to bring the claims in this complaint pursuant to Rule 23(b)(3) and/or 23(c)(4) of the Federal Rules of Civil Procedure, to remedy the Defendants' pattern and practice of discrimination, on behalf of themselves and a class consisting of all female correctional officers, sergeants, and lieutenants who have worked at the Cook County Jail from April 22, 2015 to the present, except those officers assigned exclusively to supervise female detainees.

41. There are several hundred members of the proposed class. They are too numerous for joinder of all members to be practicable.

42. There are questions of fact and law common to the class, which are well-suited to class-wide adjudication, and those common questions, which predominate over any questions affecting only individual class members, including the following: (a) whether the exhibitionist masturbation and other sexual harassing conduct engaged in by male detainees at the Jail, and the Defendants' acquiescence in that conduct, creates a sexually hostile work environment for women, and (b) whether Defendants have failed to take appropriate measures reasonably calculated to curtail that harassment.

43. The claims of Plaintiffs Howard, Altman, and Hobbs are typical of the claims of the class, and they predominate over any questions affecting only individual class members.

44. There are no disabling conflicts between Plaintiffs' interests and the interests of other class members, and Plaintiffs will vigorously prosecute and fairly and adequately protect the interests of all class members.

45. A class action is superior to other methods for fairly and efficiently adjudicating this controversy.

46. Plaintiffs' counsel are experienced and accomplished in class action litigation and are able and prepared to expend the resources necessary to litigate this case.

**FIRST CLAIM FOR RELIEF**
**Title VII of the Civil Rights Act Of 1964, 42 U.S.C. §§ 2000e *et seq.***
**Hostile Work Environment**
**(Against Defendant Sheriff's Office)**

47. Plaintiffs repeat and re-allege all previous paragraphs of this complaint.

48. Because of her sex, each Plaintiff has been subjected to a hostile work environment, which has been so severe and pervasive as to alter the terms and conditions of her employment by the Sheriff's Office.

49. At all relevant times, Defendant Sheriff's Office has possessed both actual and constructive knowledge of the hostile work environment to which Plaintiffs and other members of the proposed class have been subjected and, yet, despite that knowledge, failed to take appropriate steps reasonably calculated to stop or mitigate the harassment that created that hostile work environment.

50. The acts and omissions of Defendant Sheriff's Office constitute a pattern and practice of discrimination against Plaintiffs and other members of the proposed class.

51. As a direct and proximate result of Defendant Sheriff's Office's failure to take appropriate corrective steps to protect Plaintiffs and address male detainees' sexual harassment of them, all Plaintiffs, and all members of the proposed class, have been injured and damaged.

## SECOND CLAIM FOR RELIEF
### Equal Protection, Enforced Under 42 U.S.C. § 1983
### (Against Defendants the Sheriff's Office and Dart)

52. Plaintiffs repeat and re-allege all previous paragraphs of this complaint.

53. At all times relevant, Defendants Dart and the Sheriff's Office have acted under color of law.

54. At all times relevant, Defendants Dart and the Sheriff's Office have known that female correctional officers at Cook County Jail were being subjected to indecent exposure, exhibitionist masturbation, threats of sexual violence, groping, assault, and other sexual misconduct by male detainees.

55. With knowledge of that harassment, Defendants Dart and the Sheriff's Office have nevertheless intentionally failed to take measures reasonably calculated to end or mitigate that harassment of female correctional officers by male detainees, and their failure to enforce effective discipline against male detainees, protect female correctional officers, and eliminate or curtail sexual harassment against

them has been so widespread and well-settled as to constitute the *de facto* equivalent of a formal policy of sex discrimination. Alternatively, by their acquiescence in and deliberate indifference to such open and notorious sexual harassment they have denied Plaintiffs and all other class members equal protection of the laws.

56. As a direct and proximate result of Defendants Dart's and the Sheriff's Office's failure to take appropriate corrective steps to protect them and address male detainees' sexual harassment of them, all Plaintiffs, and all members of the proposed class, have been injured and damaged.

### THIRD CLAIM FOR RELIEF
### Illinois Civil Rights Act, 740 ILCS 23/5
### (Against Defendants the Sheriff's Office and Dart)

57. Plaintiffs repeat and re-allege all previous paragraphs of this complaint.

58. At all times relevant, Defendants Dart and the Sheriff's Office have known that female correctional officers at Cook County Jail were being subjected to indecent exposure, exhibitionist masturbation, threats of sexual violence, groping, assault, and other sexual misconduct by male detainees.

59. With knowledge of that harassment, Defendants Dart and the Sheriff's Office have nevertheless intentionally failed to take measures reasonably calculated to end or mitigate that harassment of female correctional officers by male detainees.

60. As a direct and proximate result of Defendants Dart's and the Sheriff's Office's failure to take appropriate corrective steps to protect them and address

male detainees' sexual harassment of them, all Plaintiffs, and all members of the proposed class, have been injured and damaged.

## INDEMNIFICATION
### (Defendant Cook County)

61. Plaintiffs repeat and re-allege all previous paragraphs of this complaint.

62. Because the Sheriff's Office is funded by the County and the Sheriff is an independently elected county officer, sued here, in part, in his official capacity, under Illinois law, Cook County has a duty to indemnify Defendant Dart and the Sheriff's Office against damages, including attorney's fees, recovered by Plaintiffs by judgment or settlement of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and the Class pray that this Court:

A. Certify the claims in this complaint for class-wide adjudication, under Federal Rule of Civil Procedure 23(b)(3) and/or (c)(4).

B. Appoint Plaintiffs Sdahrie Howard, Ellenor Altman, and Denise Hobbs, and as representatives on behalf of the Class;

C. Appoint Plaintiffs' Counsel as Class counsel;

D. Declare that Defendants Sheriff's Office and Dart have engaged in a policy, custom, or practice that deprives Plaintiffs and other class members of rights protected by Title VII, the Fourteenth Amendment, and the Illinois Civil Rights Act.

E. Order Defendants to adopt and implement policies, procedures, and practices that will deter, control, and prevent the continued harassment of female

16

correctional officers by male detainees and eliminate all vestiges of a hostile work environment;

  F. Appoint an independent monitor to oversee Defendants' adoption and implementation of the required policies, practices and procedures, and to report to the Court;

  G. Award Plaintiffs and the Class monetary damages;

  H. Order Defendants to pay Plaintiffs' reasonable attorney's fees and expenses, including expert costs; and

  I. Order all other appropriate relief as the interests of justice may require.

## JURY DEMAND

Plaintiffs request a jury trial for all claims that may be tried to a jury.

Dated: November 10, 2017

       Respectfully submitted,

       /s Marni Willenson
       One of the Attorneys for Plaintiffs


Marni Willenson
marni@willensonlaw.com
Samantha Kronk
skronk@willensonlaw.com
WILLENSON LAW, LLC
542 S. Dearborn St.
Suite 610
Chicago, IL 60605
312.508.5380

Joshua Karsh
jkarsh@hsplegal.com
HUGHES SOCOL PIERS
  RESNICK & DYM, LTD.
70 W. Madison St.
Suite 4000
Chicago, IL 6060
312.604.2630

Attorneys for Plaintiffs