Exhibit 4



# Inmate Discipline Procedure

## 704.1 PURPOSE AND SCOPE
This policy addresses the fair and equitable application of inmate rules and the application of disciplinary sanctions for those who fail to comply.

See attachment: Inmate Discipline Code

## 704.2 POLICY
It is the policy of the Cook County Department of Corrections to maintain written rules of prohibited inmate behavior that are clear, consistent and uniformly applied.

Sworn members shall refer to the Special Management Units Policy for further guidance.

## 704.3 DUE PROCESS
Inmates who are subject to discipline as a result of rule violations shall be afforded the procedural due process established in the policies, procedures and practices relating to inmate discipline. Members shall not engage in arbitrary actions against inmates. All disciplinary actions shall follow clearly established procedures. All disciplinary sanctions shall be fairly and consistently applied (730 ILCS 130/3.1; 20 Ill. Adm. Code 701.160(a)).

### 704.3.1 INMATE RULES GENERALLY
The Executive Director or the authorized designee is responsible for ensuring inmate rules and sanctions are developed, distributed, reviewed annually, and revised as needed.

Inmate rules should be an integral part of the inmate orientation and may be provided verbally by staff, as a part of a video presentation to inmates, or in a printed inmate handbook. Inmate rules shall be given to each inmate during initial housing in the form of an inmate handbook and/ or shall be posted in housing units. Penalties for violation of these rules will also be included in this material.

A current list of inmate behavior that is prohibited will be available in the inmate handbook. Inmates shall be advised of any revisions in a reasonable manner (e.g., posted memorandum) before they go into effect. All inmates shall have access to these rules. Inmate rules shall be translated into the languages that are understood by the inmates, if practicable.

### 704.3.2 DISCIPLINARY REPORTS
A record of all disciplinary infractions and punishment administered will be made (20 Ill. Adm. Code 701.160(d)). This requirement may be satisfied by retaining copies of disciplinary reports, including the disposition of each violation. Disciplinary reports are required for all rule violations. The sworn member who observed or detected the rule violation is responsible for completing the disciplinary report and should submit it to his/her immediate on-duty supervisor prior to the member being relieved from duty. The time to complete reports may be extended as determined by the

Watch Commander with written approval. (730 ILCS 130/3.1; 20 Ill. Adm. Code 701.160(a)). The disciplinary report shall include, at minimum:

- The date, time and location of the incident.
- Specific rules violated.
- A written description of the incident.
- The identity of known participants in the incident.
- Identity of any witnesses to the incident.
- Description and disposition of any physical evidence.
- Action taken by members, including any use of force.
- Name and signature of the reporting sworn member.
- Date and time when the report is completed.

The supervisor shall review the report for accuracy and completeness.

### 704.4 INMATE DISCIPLINARY PROCEDURES

A violation of rules observed by non-sworn members will be documented and reported to a sworn member for further action.

Subsequent to placement into a Special Management Unit, sanctions may be imposed (20 Ill. Adm. Code 701.160(f)) as follows:

- Counseling the inmate regarding expected conduct.
- Restriction of commissary privileges;
- Removal from specialty programs (e.g., culinary, creative expression, clubs);
- Financial restitution;
- Restricted telephone use, excluding attorney calls;
- Visiting privileges restricted to the inmate's immediate family and attorney;
- Removal from work detail;
- Loss of television privileges;
- Loss of special event programs (excluding religious services);
- Any other disciplinary actions deemed necessary;
- Loss of good time credit; and
- Time out of cell.

### 704.4.1 RULE VIOLATIONS

Rule violations are considered a threat to the safety, security or efficiency of the facility, its members, inmates or visitors. Sworn members witnessing or becoming aware of a rule violation

shall take immediate steps to stabilize and manage the situation, including notification to a supervisor. The supervisor shall assess the situation and initiate any emergency action, if necessary, and notify the Watch Commander.

The sworn member who became aware or witnessed the rule violation shall write a disciplinary report along with all relevant evidence to the appropriate supervisor, which should be submitted prior to the end of the shift.

### 704.4.2 DISCIPLINARY HOUSING

Inmates who are accused of a 300-level or higher rule violation may be moved to Disciplinary Housing for pre-hearing detention, or the inmate may be moved to Disciplinary Housing with the Superintendent of Classification or the authorized designee's approval, if he/she is a threat to safety, security or Department order (20 Ill. Adm. Code 701.160(g)). Inmates placed in disciplinary housing are subject to the property and privilege restrictions commensurate with disciplinary confinement.

The respective Superintendent or the authorized designee should, within 72 hours of placement including weekends and holidays, review the status of any inmate in disciplinary housing to determine whether continued housing is appropriate.

### 704.5 NOTIFICATIONS

An inmate shall be given a notice of the charge and a statement of the misconduct alleged no less than 24 hours before the disciplinary hearing (730 ILCS 130/3.1(d)(2)).

### 704.6 HEARING OFFICER

The Executive Director or the authorized designee shall appoint at least one hearing officer to preside over and conduct disciplinary hearings of rule violations. The hearing officer should be an attorney or suitably trained designee who will have the responsibility and authority to rule on charges of inmate rule violations. The hearing officer shall also have the power to impose sanctions. The inmate disciplinary hearing process will be under the Chief of Staff. The Director of Inmate Discipline will report to the Chief of Staff and will manage all aspects of the disciplinary process.

The hearing officer shall not investigate nor preside over any inmate disciplinary hearing in cases where he/she was a witness or was directly involved in the incident that generated the complaint (730 ILCS 130/3.1).

### 704.7 HEARING PROCEDURE

Inmate discipline is an administrative and not a judicial process. Inmates do not have a right to an attorney in any disciplinary hearing. Additionally, inmate conduct may be referred for criminal prosecution and Department disciplinary action concurrently as there is no double jeopardy defense for an administrative process.

*Inmate Discipline Procedure*

An inmate charged with a rule violation is entitled to a hearing on the charge and an opportunity to address the disciplinary hearing board.

The disciplinary hearing shall be held no sooner than 24 hours following the written notification to the inmate. The inmate may waive the 24-hour requirement. No disciplinary proceeding shall be commenced more than eight days after the infraction or discovery of it, unless the inmate is unavailable to participate in the hearing when originally scheduled (730 ILCS 130/3.1).

The accused shall be allowed to pose questions to the hearing officer or committee to be asked of witnesses against the accused. (20 Ill. Adm. Code 701.160(h)).

### 704.7.1 EVIDENCE

Accused inmates have the right to make a statement, present evidence, and call witnesses at the hearing (20 Ill. Adm. Code 701.160(h)).

The hearing officer may deny the request to call witnesses when it is determined that allowing the witness to testify would be irrelevant or cumulative or jeopardize the safety and security of the facility (20 Ill. Adm. Code 701.160(h)).

A witness' signed written statement may be submitted by the inmate as an alternative to a live appearance. The hearing officer shall review and determine whether the statement is relevant to the charges and shall document the reason for exclusion when any written statement is not given consideration.

### 704.7.2 CONFIDENTIAL INFORMANTS

Information from any confidential informant may be considered during the inmate disciplinary process.

### 704.7.3 STAFF ASSISTANCE

A member shall be assigned to assist an inmate who is incapable of representing him/herself at a disciplinary hearing due to literacy, developmental disabilities, language barriers or mental status (20 Ill. Adm. Code 701.160(h)). A volunteer fellow inmate may also assist with the inmate's disciplinary hearing (20 Ill. Adm. Code 701.160(h)). The scope of the duties of the assistant shall be commensurate with the need for assistance. The assistant should be allowed sufficient time to confer with the inmate to fulfill his/her obligations. In these cases, the inmate does not have a right to choose a person to assist in his/her disciplinary hearing. The final decision regarding who may assist rests with the hearing officer.

### 704.7.4 DISCIPLINARY DECISIONS

Disciplinary decisions shall be based on the preponderance of evidence presented during the disciplinary hearing.

The disciplinary process shall consider whether an inmate's mental disabilities or mental illness contributed to the inmate's behavior when determining what type of discipline, if any, should be imposed (28 CFR 115.78(c)).

Prior to issuing a disciplinary decision, a hearing officer may communicate with a health care professional to determine the level of discipline and sanctions, if any, are appropriate for an inmate showing signs of mental health distress.

### 704.7.5 REPORT OF FINDINGS
A record of all disciplinary hearings shall be maintained in accordance with established records retention schedules.

The hearing officer shall document the decision and provide the evidence and reasons for the disciplinary action. A copy of the decision shall be provided to the inmate (20 Ill. Adm. Code 701.160(e)). The original shall be filed with the record of the proceedings (730 ILCS 130/3.1). All documentation related to the disciplinary process shall be maintained.

If it is determined that the inmate's charge is not sustained at the end of the disciplinary hearing, the disciplinary report shall be removed from the inmate's file but otherwise maintained in accordance with records retention requirements (20 Ill. Adm. Code 701.160(h)).

Disciplinary hearing documents and dispositions may be reviewed by the the Director of Inmate Discipline or the authorized designee soon after the final disposition. The Director may accept the decision or reduce the discipline imposed (20 Ill. Adm. Code 701.160(h)).

### 704.8 LIMITATIONS ON DISCIPLINARY ACTIONS
The U.S. and State Constitutions expressly prohibit all cruel or unusual punishment. Additionally, there shall be the following limitations (28 CFR 115.78; 20 Ill. Adm. Code 701.130; 20 Ill. Adm. Code 701.160; 20 Ill. Adm. Code 701.180):

- In no case shall any inmate or group of inmates be delegated the authority to punish any other inmate or group of inmates.
- In no case shall any restraint device be used for disciplinary purposes.
- Food shall not be withheld and restricted diets are prohibited as a disciplinary measure.
- Correspondence privileges shall not be withheld.
- In no case shall access to the courts and/or legal counsel be suspended as a disciplinary measure.
- No inmate may be deprived of the implements necessary to maintain an acceptable level of personal hygiene.
- Disciplinary housing in excess of 30 days without review by the Superintendent is prohibited. The review shall include a consultation with health care professionals. Such reviews shall continue at least every 15 days thereafter until the disciplinary status has ended.
- Discipline may be imposed for consensual sexual activity between inmates.
- For the purpose of disciplinary action, a report of sexual abuse made in good faith based upon a reasonable belief that the alleged conduct occurred shall not constitute

falsely reporting an incident or lying, even if an investigation does not establish evidence sufficient to substantiate the allegation.

- Corporal punishment is prohibited.
- In no case shall any psychotropic medicine be used as a disciplinary device.

### 704.9 GUIDELINES FOR DISCIPLINARY SANCTIONS

Discipline shall be commensurate with the nature and circumstances of the offense committed, the inmate's disciplinary history and the sanctions imposed for comparable offenses by other inmates with similar histories (28 CFR 115.78(b)).

Inmates shall be subject to disciplinary sanctions pursuant to a formal disciplinary process following an administrative finding that the inmate engaged in inmate-on-inmate sexual abuse or following a criminal finding of guilt for inmate-on-inmate sexual abuse (28 CFR 115.78(a)).

#### 704.9.1 IMPOSED DISCIPLINE

In reaching a decision regarding the type of discipline to be imposed, the hearing officer or committee shall evaluate the violation and the violator and choose the disposition which is most likely to promote conformance to normal standards of conduct (20 Ill. Adm. Code 701.160(i)).

A restriction of privileges shall be carefully evaluated and assessed as it relates to the infraction and does not impose a secondary penalty on another person (20 Ill. Adm. Code 701.160(i)).

Inmates shall be subject to disciplinary sanctions pursuant to a formal disciplinary process following an administrative finding that the inmate engaged in inmate-on-inmate sexual abuse or following a criminal finding of guilt for inmate-on-inmate sexual abuse (28 CFR 115.78(a)).

To the extent that there is available therapy, counseling or other interventions designed to address and correct underlying reasons or motivations for sexual abuse, the facility shall consider whether to require an inmate being disciplined for sexual abuse to participate in such interventions as a condition of access to programming or other benefits (28 CFR 115.78(d)).

#### 704.9.2 VIOLATIONS WHICH RESULT IN LOSS OF GOOD BEHAVIOR CREDIT

In disciplinary cases that may involve the loss of good behavior allowance or eligibility to earn good behavior allowance, the Executive Director or the authorized designee shall establish disciplinary procedures consistent with the following (730 ILCS 130/3.1; 20 Ill. Adm. Code 701.160(a)):

Any person who initiates a disciplinary charge against an inmate shall not serve on the disciplinary committee that will determine the disposition of the charge.

The Executive Director or authorized designee may impose the discipline recommended by the disciplinary committee or may reduce the discipline recommended; however, no committed person may be penalized more than 30 days of good behavior allowance for any one infraction unless the infraction is the second or subsequent infraction within any 30-day period, in which case the committed person may be penalized up to a maximum of 60 days of good behavior allowance (730 ILCS 130/3.1).

CCSO_Howard_0061381

The Executive Director or the authorized designee, in appropriate cases, may restore good behavior allowance that has been revoked, suspended or reduced (730 ILCS 130/3.1).

### 704.10 TRAINING

The Executive Director or the authorized designee is responsible for ensuring that training and disciplinary tools are available to aid sworn members and that forms are available in the jail management system for documenting rule violations in a consistent and thorough manner.

The Executive Director or the authorized designee is responsible for developing and delivering, or procuring, training for members who participate in the disciplinary hearing process. Training topics should include the legal significance of due process protections and the hearing officer's role in assuring that those protections are provided.