Exhibit 35



| | Sheriff's Office COOK COUNTY, ILLINOIS **SHERIFF'S ORDER** | ISSUANCE DATE | EFFECTIVE DATE | NO. |
|---|---|---|---|---|
| | | 01 DEC 11 | 22 DEC 11 | 11.14.8.0 |

| SUBJECT | DISTRIBUTION | RESCINDS |
|---|---|---|
| **INMATE DISCIPLINE: DISCIPLINARY REPORTS AND HEARING PROCEDURES** | SP | ALL PREVIOUSLY ISSUED DIRECTIVES REGARDING INMATE DISCIPLINE: DISCIPLINARY REPORTS AND HEARING PROCEDURES. |
| RELATED DIRECTIVES | | AMENDS |
| | | |

## I.  PURPOSE

This order establishes written policy and procedures for the Inmate Disciplinary System used by the Cook County Sheriff's Office (CCSO).

## II.  POLICY

It is the policy of the CCSO to maintain order and protect staff and inmates by administering an Inmate Disciplinary System that complies with all applicable due process requirements. The Inmate Disciplinary System shall be utilized when an inmate has been charged with violating the inmate rules and regulations. Disciplinary action shall be imposed only after all disciplinary hearing procedures have been completed. Disciplinary action does not include pre-hearing detention. Disciplinary actions against inmates shall be consistent and fair throughout the departments of the CCSO, with maximum sanctions reserved for the most serious or persistent violators.

## III.  APPLICABILITY

This Sheriff's Order is applicable to CCSO employees as outlined in Section IV. Supervisors shall review the contents of this order with all employees under their supervision as appropriate, and ensure the provisions outlined are strictly adhered to.

## IV.  SPECIAL DISTRIBUTION

This Sheriff's Order shall be distributed to the following CCSO Departments and Units, and any other Department or Unit as determined by the Sheriff:

A.  CRRNCRXQW HSDLWHQWRI&RUHFWRQV&&'2&

1.  All  Divisions
2.  All Units

B.  Department of Re-Entry and Diversions Programs

1.  Pre-Release Center
2.  Impact Incarceration; Boot Camp
3.  Program Services

CCSO_Howard_0000911

C. Cook County Sheriff's Women's Justice Programs

Women's Residential

D. Court Services Department

E. Criminal Intelligence Unit (CIU)

## V. AUTHORITY

A. 28 C.F.R. 549

B. Americans with Disabilities Act, 1990

C. Illinois General Assembly Administrative Code Title 20, Ch.1, Section 701.160

## VI. AMERICAN CORRECTIONAL ASSOCIATION REFERENCE

A. 4 ALDF 2A-45, 47

B. 4 ALDF 3A- 01-02

C. 4 ALDF 4C-40

D. 4 ALDF 6C- 01-19

## VII. ENCLOSURES

A. Inmate Disciplinary Report (FCN-49)(NOV 11)

B. ,QPDWH LVFLSOLQDU 5HSRUW Finding of Fact and Decision Form (FCN-185)(NOV 11)

C. ,QPDWH LVFLSOLQDU $ppeal Form (FCN-172)(OCT 11)

D. Inmate Disciplinary Charge Codes and Penalties (FCN-187)(NOV 11)

E. &&' 2 & Special Management Status Review Sheet (FCN-157)(OCT 11)

F. &&' 2 & Special Management 5HYLHZ RJ (FCN-158)(OCT 11)

CCSO_Howard_0000912

VIII.    DEFINITIONS

A.    Administrative Segregation – A form of separation from the general population when the continued presence of the inmate in the general population would pose a serious threat to life, property, self, staff, other inmates or the security or orderly running of the institution. Only the Executive Director of the Cook County Department of Corrections (CCDOC) or his/her designee, in the absence of the Executive Director, has the authority to approve Administrative Segregation.

B.    Alternative Programs – For purposes of this order Alternative Programs are defined as: Boot Camp, Pre-Release Center, and the Sheriff's Women's Residential Program. Participants eligible for these programs are under the jurisdiction of the CCSO, and are subject to penalties for violations of the rules and regulations.

C.    Disciplinary Detention – A form of separation from the general population in which inmates committing major violations of the inmate rules and regulations are confined by the disciplinary hearing team for periods of time to individual cells separated from the general population. Placement in detention may only occur after a finding of a rule violation at an impartial hearing, after all due process requirements have been satisfied, and when there is not an adequate alternative disposition to regulate the inmate's behavior. Cell restriction is for a maximum of twenty three (23) hours per day, and cannot last longer than twenty nine (29) consecutive days, which includes any time in prehearing detention.

D.    Disciplinary Hearing – An administrative proceeding where evidence is presented and testimony is heard in-order to determine if an inmate is guilty of a rule violation.

E.    Disciplinary Hearing Coordinator(s) – Sworn employees of the rank of lieutenant or higher designated by the Department/Division/Unit Head to conduct divisional hearings and evaluate the facts of the minor rule violation disciplinary report, and when appropriate impose sanctions.

F.    Disciplinary Hearing Team – Employees convened to adjudicate major disciplinary infractions, impose necessary and appropriate sentences/sanctions, ensure the completeness of Inmate Disciplinary Report/Finding of Fact and Decision, and ensure due process protection for inmates in each proceeding.

G.    Inmate Disciplinary Report – A written record of the formal charge against an inmate.

H.    Inmate Disciplinary Report Finding of Fact and Decision – A written record of the disposition by the Disciplinary Hearing Board after the disciplinary proceeding.

3

I.      Major Violation – A violation of the inmate rules and regulations that affect the safety and security of the institution and are only heard by the Disciplinary Hearing Team. Major rule violations include (1) violations that may result in disciplinary detention; (2) violations for which punishment may tend to increase an inmate's sentence; (3) violations that may result in forfeiture, such as loss of work detail; and (4) violations that may be referred for criminal prosecution. Major violations fall into the following categories:

1.      Category III:    300 through 315
2.      Category IV:    400 through 402
3.      Category V:     500 through 504
4.      Category VI:    600 through 609
5.      Category VII:   700 through 708

J.      Minor Violation – Minor violations fall into Category I and Category II. Minor violations shall be heard on the Divisional Level by the Disciplinary Hearing Coordinator(s) or the Disciplinary Hearing Team.

K.      Off-Site Locations – Any location outside of CCDOC including but not limited to:

1.      Court Services
2.      Transportation
3.      Off-Site Investigations (e.g., Criminal Intelligence Unit)
4.      External Operations
5.      Off-Site Program Locations
6.      Hospitals Stays

L.      Prehearing Detention – The segregated confinement of an inmate prior to his/her disciplinary hearing. Prehearing Detention shall never last longer than seventy-two (72) hours, and such detention shall not be punitive and shall be used only when necessary to ensure the security of the facility or the safety of staff or inmates.

M.      Referral – The recommendation of a medical or paramedical professional.

N.      Sanctions – An alternative form of discipline which an inmate may receive upon a finding of guilt of a rule violation. Sanctions may only be imposed by the Disciplinary Hearing Coordinator(s) or the Disciplinary Hearing Team. Sanctions shall not exceed seven (7) days, except in cases involving the Inmate Work Release Program and depending on the type of infraction committed. Sanctions may include:

1.      Loss of work assignment;
2.      Loss of commissary privileges;

CCSO_Howard_0000914

3. Restricted visitation privileges (except attorney and clergy visits);
4. Loss of special event programs (excluding religious services);
5. Financial restitution;
6. Meal substitution (nutra-loaf);
7. Any combination of the above, but no more than two (except in cases of major rule violations to be determined by the Disciplinary Hearing Team).

O. Verbal Consultation – A verbal reprimand, given to an inmate for a violation of rules that are of a minor nature, where sworn staff has determined that no inmate disciplinary report is necessary. A verbal consultation is utilized in an attempt to redirect the behavior of the inmate to a more positive direction.

IX. **PROCEDURES**

A. The Inmate Handbook will be made available to each inmate upon arrival to the CCDOC. The rules and regulations within the handbook include a summary of the Disciplinary Hearing Procedures. In all cases, a copy of the Inmate Disciplinary Report and Hearing Procedures shall be posted in all prominent locations, on all divisional living units, and within the alternative programs locations.

B. Pre-Hearing Procedure

1. Identification of Type of Charge

a. Any CCSO sworn employee who witnesses an inmate violate the Inmate Rules and Regulations shall identify the type of charge and determine whether to initiate a verbal consultation with the inmate or prepare an Inmate Disciplinary Report for either a minor or major violation.

b. Any civilian employee who witnesses an inmate violate the Inmate Rules and Regulations shall immediately notify any sworn staff or supervisor. The sworn staff or supervisor shall initiate either a verbal consultation or prepare an Inmate Disciplinary Report.

2. Preparing Inmate Disciplinary Reports

a. If it is determined that the rule violation cannot be addressed by verbal consultation, then a four-part disciplinary report shall be prepared by the sworn CCSO employee.

5

b.  An Inmate Disciplinary Report shall contain only one charge. If there are multiple charges, an Inmate Disciplinary Report for each charge shall be used.

c.  All reports regarding the incident must be completed before the reporting staff member completes his/her tour of duty. An Inmate Disciplinary Report must be completed in its entirety. N/A shall be indicated in any area of the form that is not applicable.

d.  The completed report shall be signed and forwarded to the Watch Commander or designee. Each disciplinary report shall include copies of all investigative materials and other documents completed at the time of the report, the relevant facts surrounding the rule violation, and witness statements to be considered during the disciplinary hearing.

e.  The Watch Commander shall review the Inmate Disciplinary Report. After reviewing the Inmate Disciplinary Report, the watch commander shall issue the Inmate Disciplinary Control Number from the Disciplinary Log Book.

f.  For an Off-Site Location Disciplinary Report, the documenting officer shall ensure that the watch commander receive all documentation required by Section IX.B.2.d above, ensure that all documents are delivered to the transportation officer, and ensure that all documents accompany the inmate to CCDOC.

   i.   The Watch Commander shall notify the CCDOC External Operations Watch Commander at (773) 674-7244 of the disciplinary report;

   ii.  If the inmate disciplinary report is a serious rule violation (e.g. attempted escape) the External Operations Watch Commander shall notify the External Operations Superintendent during normal business hours. After normal business hours, the External Operations Administrative Duty Officer (ADO) shall notify the On-Call director;

   iii. The External Operations ADO shall notify the CCDOC Receiving Classification Diagnostic Center (RCDC) Watch Commander. The RCDC Watch Commander will ensure that the Transport Team (Officer) delivers the completed inmate disciplinary report and all corresponding documentation to the Department/Division/Unit Watch Commander.

CCSO_Howard_0000916

3. Notification of Charge

    a. CCSO staff shall present the inmate with the completed disciplinary report for signature and acknowledgement of charges.

    b. The inmate shall receive the copy of the completed disciplinary report at least twenty four (24) hours prior to a hearing; unless the inmate gives written consent that this requirement may be waived.

    c. At this time, the inmate shall have the opportunity to choose either a Divisional Hearing or a hearing by the Disciplinary Hearing Team, in cases of minor rule violations. The report must reflect the inmate's choice of hearing, and if requested, any assistance provided.

4. Prehearing Detention

    a. Prehearing Detention shall not be given to inmates that commit minor rule violations, Category I or II.

    b. Any inmate alleged to have committed a major rule violation may be placed in Prehearing Detention when other available dispositions are inadequate to appropriately regulate an inmate's behavior and/or where the inmate's presence in the general population poses a serious threat to staff, himself, herself, other inmates, or the institution.

    c. Upon placement of the inmate into a Prehearing Detention status, the Watch Commander ordering Prehearing Detention shall:

        i. Log the infraction in the Watch Commander Log Book and notify Cermak Health Services Administrative Office (Cermak) pursuant to Section IX.B.5;

        ii. Notify the affected Department/Division/Unit Head;

        iii. Immediately place the completed four part Inmate Disciplinary Report in the divisional designated area. Any time spent in prehearing detention shall be credited against any subsequent disciplinary detention imposed.

        iv. Manage/Monitor all prehearing detention units in his respective division/unit.

7

d. Unless there is an emergency situation, under no circumstances shall an inmate remain in Prehearing Detention over seventy-two (72) hours, including weekends and holidays, without a hearing. Any inmate found to be detained beyond the seventy-two (72) hour period shall be released from Prehearing Detention immediately and placed in appropriate housing pending the disciplinary hearing. Disciplinary action shall be taken against the responsible staff member(s).

e. Any institutional lockdowns that occur during a period when an inmate is in Prehearing Detention are considered administrative in nature and toll the amount of time allowed prior to a hearing. All scheduled disciplinary hearings shall be held as soon as practicable following an institutional lockdown.

5. Notification to Cermak of Prehearing Detention

Upon an inmate's assignment to Prehearing Detention the Watch Commander shall:

a. Submit to Cermak a copy of the Inmate Disciplinary Report, by faxing it to (773) 674-7177 or by other agreed to means. The report shall specify the reason for notification (e.g., medical or mental health reasons, inmates taking on-going medication);

b. Follow-up with Cermak before the end of his/her shift, where an inmate is assigned to Prehearing Detention between 8 a.m. and 5 p.m., Monday through Friday to determine if the inmate is fit to be held in Prehearing Detention and, if applicable, the inmate's medication has been transferred;

c. Notify Cermak Health Services Emergency Room at ext. 5877 or 5878 if the inmate is assigned to Prehearing Detention after hours, on a holiday, or weekend.

d. Receive notification from Cermak to determine whether the inmate is fit to remain in Prehearing Detention;

e. Notate Cermak's Response in the Watch Commander Log Book;

f. Fax a copy of the inmate disciplinary report to CIU at ext. 4762, to be reviewed for further investigation; and

g. Initiate an Inter-Agency Health Inquiry for inmates placed in Prehearing Detention.

CCSO_Howard_0000918

6.    Disciplinary Report Involving Criminal Charges

The Executive Director of CCDOC shall be notified of inmates that receive disciplinary infractions due to possible criminal activity and inmates that pose a threat to the safety and security of the institution for possible placement in Administrative Segregation.

a.    Only the Executive Director of CCDOC or his/her designee, in the absence of the Executive Director has the authority to place an inmate in Administrative Segregation.

b.    In instances when CIU is investigating an incident that is the subject of an inmate disciplinary report due to possible criminal activity, the Executive Director of CCDOC shall be notified for authorization of placement of the inmate in Administrative Segregation. All disciplinary procedures shall stop while the investigation proceeds.

c.    Upon completion of CIU's investigation, the Disciplinary Hearing Team shall be notified by CIU that the disciplinary process will resume.

d.    When it is necessary to place an inmate in Administrative Segregation during normal business hours the Watch Commander shall notify the Division Superintendent prior to moving the inmate to Administrative Segregation. The Divisional Superintendent will notify the Executive Director of CCDOC. The Executive Director shall authorize or deny placement of the inmate in Administrative Segregation.

e.    When it is necessary to segregate an inmate after hours, the Watch Commander shall notify the ADO who shall notify the On-Call Director. The On-Call Director shall authorize or deny placement of the inmate in Administrative Segregation. Pending authorization from the On-Call Director the inmate shall be placed in secure segregated housing.

f.    The Watch Commander shall notify Cermak Health Services Emergency Room at ext. 5877 or 5878 if the inmate is assigned to Administrative Segregation after hours, on a holiday, or weekend. Notification shall be made in the same manner as described in Section IX.B.5. of this order.

g.    Under no circumstances shall Administrative Segregation be used as a form of punishment.

9

h. The Watch Commander shall manage/monitor all segregation units daily in his/her respective division/unit to ensure compliance with this order by reviewing and signing the Special Management Status Review Sheet.

C. Hearing Procedure – General Provisions

1. The Disciplinary Hearing Coordinator(s) and the Disciplinary Hearing Team shall be responsible for scheduling and conducting hearings, as well as ensuring that all paperwork is properly completed after each hearing.

2. No disciplinary hearing shall be commenced more than eight (8) days (inclusive of weekends and holidays) after the infraction or the discovery of the infraction, unless the inmate is unable or unavailable for any reason to participate in the disciplinary proceeding.

3. Where an inmate received an infraction but is transferred administratively to an outline County and does not return to CCDOC within thirty (30) days, the Disciplinary Hearing Coordinator or the Disciplinary Hearing Team shall forward the Inmate Disciplinary Report to the appropriate County via the Transportation Unit.

4. All inmate disciplinary hearings shall be conducted in a reasonably private and secure setting.

5. The Disciplinary Hearing Coordinator(s) or the Disciplinary Hearing Team shall notate the control number (issued by the watch commander) on the Request for Appeal Form, which shall be given to the inmate, along with instructions as to the form's use and appeal time constraint. The inmate shall sign and date in acknowledgement of having received the appeal form at this time.

6. Only sanctions may be imposed against an inmate upon a determination of guilt of a Minor Rule Violation by the Disciplinary Hearing Coordinator(s) or the Disciplinary Hearing Team. Under no circumstances may an inmate be placed in disciplinary segregation for minor rule violations.

7. No Disciplinary Hearing Coordinator or Disciplinary Hearing Team member shall be allowed to participate in a hearing when they:

a. Witnessed the violation, or initiated the charge;

b. Initially investigated the charge; or

CCSO_Howard_0000920

      c.      Are required to perform a subsequent review of the appeal.

D.      Divisional Hearings

Any inmate that receives an Inmate Disciplinary Report for a minor rule violation is entitled to a disciplinary hearing in accordance with the following provisions:

1.      Divisional Hearings shall be conducted on alternative shifts from when the infraction occurred.

2.      An inmate shall be allowed to state his case and the Disciplinary Hearing Coordinator(s) or Disciplinary Hearing Team shall make a determination of guilt or innocence.

3.      The Disciplinary Hearing Coordinator(s) or the Disciplinary Hearing Team shall document the reason(s) for such determination on the Inmate Disciplinary Report Finding of fact and Decision and assign the appropriate sanction.

4.      Following a finding of guilt by the Disciplinary Hearing Coordinator(s) or the Disciplinary Hearing Team, the inmate may appeal the process through the procedure outlined in Section IX, subsection I of this Order.

E.      Disciplinary Action

Disciplinary Action shall be taken against an inmate only when the inmate is in violation of the rules or when the inmates' commission of a prohibited act is proven based on the results of the Disciplinary Hearing Board.

F.      Disciplinary Team Hearings

Any inmate that receives an Inmate Disciplinary Report for a major rule violation is entitled to a disciplinary hearing in accordance with the following provisions:

1.      The hearing shall be conducted by the Disciplinary Hearing Team, composed of no less than two staff members, comprised of the following:

      a.      One or more member(s) of the team shall be a lieutenant or commander;

      b.      One or more member(s) may be a Cermak Health Services medical/psychiatric staff member or any CCDOC civilian staff member.

11

2.  The day prior to the hearing, the Disciplinary Hearing Team shall notify Cermak of scheduled hearings, by faxing the information to (773) 674-7177 or other agreed to means. Cermak staff shall be allowed to advise the Disciplinary Hearing Team regarding any serious medical or mental illness that:

    a.  May have contributed to the inmate's behavior in committing a violation; and/or

    b.  May be exacerbated by specific disciplinary measures under consideration by the Disciplinary Hearing Team along with recommendations for minimizing the potentially harmful effect of disciplinary measures on the inmate's health.

3.  Such advice may be submitted in writing to the Disciplinary Hearing Team before the hearing or presented as verbal testimony at the hearing by a Cermak staff member.

4.  The Disciplinary Hearing Team shall stop the proceeding and make a referral to Cermak Health Services for a mental health assessment, when an inmate behavior suggest serious mental illness or an inmate appear to be intellectually/developmentally disabled (unfit) to stand for the hearing.

G.  Inmate Rights at Hearing

1.  At the inmate's request, where the accused is illiterate, the issues are complex, and it is unlikely the inmate will be able to collect and present the necessary evidence, the aid of a fellow inmate or a Correctional Rehabilitation Worker (CRW) staff member shall be made available to the inmate in an effort to assist the inmate with presenting an adequate defense, an explanation of charges, or other relevant facts.

2.  Inmates shall be allowed to call witnesses and present evidence in their own defense when this would not be unduly hazardous to institutional safety or correctional operations. Any expense shall be incurred by the inmate.

    a.  The Disciplinary Hearing Team may refuse to call witnesses in instances where it would be inconsistent with institutional safety or when the witness testimony is cumulative (e.g., would be the same as other evidence already on record, or where the proposed testimony is not related to the factual dispute). A witness who is not housed in the CCDOC shall not be called unless his/her testimony is the only source from which relevant factual evidence can be obtained or if it would not be unduly hazardous to institutional safety or correctional operations.

CCSO_Howard_0000922

b.     Witnesses requested by the inmate or any other party normally are questioned directly by a member of the Disciplinary Hearing Team. An inmate or appointed representative may request that the Disciplinary Hearing Team direct certain questions to any witness, and inmates may be given the opportunity to question some witnesses directly. Inmates shall not be allowed to have an attorney present unless the pending discipline is based upon the same set of facts as their criminal charge.

c.     If there is conflicting evidence, or a necessary witness cannot be present at the hearing, the Disciplinary Hearing Team shall stop the hearing and cause an investigation to commence. If the inmate has been in Prehearing Detention for seventy-two (72) hours, he/she shall be released from Prehearing Detention until the hearing can be resumed. In no case shall the hearing be stopped for more than seven (7) days.

3.     Where the Disciplinary Hearing Team needs to gain an adequate understanding of the evidence or other relevant facts, an inmate shall be given the opportunity to submit written questions to the Disciplinary Hearing Team.

4.     Any inmate facing disciplinary charges should be present throughout the hearing, except during deliberation and in those situations where institutional security could be jeopardized.

5.     In every hearing where disciplinary action could be taken against an inmate, a written record of all proceedings shall be made by a member of the Disciplinary Hearing Team on the Inmate Disciplinary Report Finding of Fact and Decision. The record shall describe all proceedings, including:

a.     The general nature of each witness' testimony;

b.     All evidence presented; and

c.     A copy of the Cermak Health Services report which identifies the extent to which a serious medical or mental illness may have contributed to the inmate's behavior in committing the infraction, if applicable.

H.     Findings

1.     Once the Disciplinary Hearing Team has reached a decision of guilt or innocence regarding the alleged charge, the Disciplinary Hearing Team shall:

13

      a.      Immediately notify the Watch Commander of the decision.

      b.      Document the decision on the Inmate Disciplinary Report Finding of Fact and Decision and include:

          i.      The evidentiary basis;

          ii.      The inmate's medical or mental health status provided by Cermak if used to reach the decision; and

          iii.      A copy of the Cermak report.

      c.      Submit a copy of the completed Inmate Disciplinary Report Finding of Fact and Decision to the Department/Division/Unit Head in the division where the hearing was held.

      d.      Never disseminate disciplinary records to any persons outside the CCSO unless required by law or as a normal operation function of an alternative program

2.      The Watch Commander shall notify the Department/Division/Unit Head within twenty four (24) hours of a determination of not guilty if the inmate is housed in an alternative program.

3.      The Watch Commander shall be responsible for delivering the decision to the inmate within twenty four (24) hours of receiving notification from the Disciplinary Hearing Team.

4.      The Watch Commander shall immediately send Cermak a complete list of all inmates found guilty by the Disciplinary Hearing Board that are to be housed in disciplinary segregation.

I.      Appeals

1.      Inmates have the right to appeal any disciplinary process by submitting a completed Request for Appeal Form to their Division CRW. The inmate is required to submit his/her appeal within five (5) working days from the date of being notified of the disciplinary decision. The CRW will then forward the Request for Appeal Form to the appropriate Department/Division/Unit Head immediately.

2.      The Department/Division/Unit Head shall consider the merits of the appeal based upon the following factors:

      a.      Whether there was reasonable evidence to support the charges;

CCSO_Howard_0000924

b.    Whether there was reasonable compliance with applicable discipline policies and procedures; and

c.    Whether the sanction/sentence imposed was proportionate to the rule violation.

3.    The Department/Division/Unit Head may affirm, reverse the decision outright, or alter it appropriately.

4.    The Department/Division/Unit Head shall ensure that a copy of the appeal form with the final decision is provided to the inmate within seven (7) days of the decision and ensure that the final decision is administered.

5.    The Department/Division/Unit Head shall keep the Division/Unit copy of the appeal and forward the original to the Disciplinary Hearing Team.

J.    Record Keeping

A permanent log of all inmates in Prehearing Detention, Administrative Segregation and Disciplinary Segregation shall be reviewed, updated, and maintained by the Watch Commander on each shift. The log shall include at minimum:

1.    All admissions and releases indicating:

a.    Inmate name;

b.    CCDOC Booking number;

c.    Division/living unit;

d.    Date admitted;

e.    Type of infraction or reason of admission;

f.    Tentative release date;

g.    Date of disciplinary hearing; and

h.    Special medical or psychiatric problems or needs.

2.    Document the time out of the cell (at least 1 hour).

3.    Whether or not the inmate used the shower.

15

4.   Official visitor record including visits from staff and notations of unusual observations.

5.   Unusual behavior.

6.   Information and/or observations by staff shall be forwarded for action and observation on future shifts.

7.   A permanent record containing a copy of the Inmate Disciplinary Report, the Inmate Disciplinary Report Finding of Fact and Decision, the CCDOC Division Special Management Sheet, and the CCDOC Special Management Status Review Sheet shall be kept by the tier officer.

8.   Inmate Disciplinary Statistics shall be reported to the Executive Director of CCDOC to be reported at the Accountability Meeting on a monthly basis.

K.   Administrator's Review

The Administrator of the Hearing Team shall review all completed Inmate Disciplinary Reports to ensure that the hearing was conducted in accordance with procedures stated within this policy.

CCSO_Howard_0000926