IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SDAHRIE HOWARD, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 17-cv-8146 |
| | ) | |
| COOK COUNTY SHERIFF'S | ) | Judge Matthew F. Kennelly |
| OFFICE and COUNTY OF COOK, | ) | |
| | ) | Mag. Judge Sidney I. Schenkier |
| Defendants. | ) | |

## MOTION TO INTERVENE

Wendy Shadbar, pursuant to Federal Rule of Civil Procedure 24(b)(1)(B), hereby moves this Court to intervene as Plaintiff on behalf of a class of supervisory employees. In support thereof, Shadbar states as follows:

1. This action was originally filed on November 10, 2017 by plaintiffs Sdahrie Howard, Denise Hobbs, and Elenor Altman. On March 12, 2018, a First Consolidated Complaint was filed combining those plaintiffs' claims with claims filed by plaintiffs Tavi Burroughs, Dominiqe Freeman, Kimberly Crawford-Alexander, Esther Jones, Balvina Ranney, Tawanda Wilson, and Susana Plasencia. Plaintiffs are all female employees of the Cook County Sheriff's Office ("CCSO").

2. On November 14, 2018, a Third Consolidated Complaint was filed on behalf of a class defined as:

> All women who have been employed by the CCSO at the Jail, or as Court Services deputies at the Leighton Courthouse, or by the County in positions with Cermak Health Services, at any time since April 23, 2015, except

> women who, during that period, have held the positions identified in Exhibit A to this complaint.

Dkt. 143, ¶ 68.

3. On August 12, 2019, this Court granted Plaintiffs' Motion for Class Certification and certified a class. However, the Court excluded from that class women who worked in supervisory roles. The basis for exclusion of the supervisors was a potential conflict of interest between the supervisory and non-supervisory employees. *See* Dkt. 222 at 19.

4. The class is now defined as follows:

> All women who have been employed by the Cook County Sheriff's Office at the Jail, or as Court Services deputies at the Leighton Courthouse, or by the County in positions with Cermak Health Services, at any time since April 23, 2015, except women who, during that period, have held the positions identified in Exhibit A to the complaint or who were employed in supervisory roles.

Dkt. 222 at 25.

5. Shadbar now seeks to intervene on behalf of herself and the supervisory employees who were carved out of the class definition. A copy of her Complaint in Intervention setting forth those claims is attached as Exhibit A. *See* Fed. R. Civ. P. 24(c).

6. Permissive intervention is allowed under Federal Rule of Civil Procedure 24(b)(1)(B) where the party seeking intervention "has a claim or defense that shares with the main action a common question of law or fact" and makes a timely motion to intervene. *See Newman v. Metro. Life Ins. Co.*, No. 16 C 3530, 2018 WL 3239722, 2018 U.S. Dist. LEXIS 110762 *4 (N.D. Ill. July 3, 2018), *quoting*

*Solid Waste Agency of N. Cook Cty. V. U.S. Army Corps of Engineers*, 101 F.3d 503, 509 (7th Cir. 1996). Both conditions are met here.

7. There is no question the claims of the intervenor here share a common question of law or fact with the claims of the plaintiff class. *See Newman*, 2018 U.S. Dist. LEXIS 110762 at *4-5 (claims of intervening absent members of contemplated settlement classes shared common question of law or fact with substantially related claims of plaintiffs). *See also Students & Parents for Privacy v. United States Dept. of Educ.*, 2016 WL 3269001, 2016 U.S. Dist. LEXIS 77728 *8 (N.D. Ill. June 15, 2016) (claims of intervenors seeking to defend "Agreement to Resolve" and DOE's interpretation of the term sex under Title IX shared common issues of fact or law with claims of students and parents challenging the Agreement and interpretation).

8. This motion is timely. When determining the timeliness of a motion to intervene, the court should consider: "the length of time the intervenor knew or should have known of her … interest in the case; the extent of prejudice to the original litigating parties from the intervenor's delay; the extent of prejudice to the would-be intervenor if her … motion is denied; and any unusual circumstances." *Bloomington v. Westinghouse Electric Corp.*, 824 F.2d 531, 534 (7th Cir. 1987), *quoting United States v. Kemper Money Market Fund, Inc.*, 704 F.2d 389 (7th Cir. 1983).

9. Supervisory employees first received notification beginning in mid-August and extending to mid-September that this Court had excluded supervisors from the class it had certified. Because this motion is being filed within three

months of that notice, it should be considered timely. *See Nissei Sangyo Am., Ltd. v. United States*, 31 F.3d 435, 439 (7th Cir. 1994) (three month passage between learning of matter and filing of motion to intervene deemed timely).

10. The original litigating parties will not be prejudiced by the passage of time since this Court's ruling on class certification. Intervenor will be able to use the discovery already conducted because the intervenor was originally intended to be part of the class. The fact discovery cut-off of March 16, 2020 will not be affected either. The discovery conducted prior to class certification can be used going forward (including for certification of the proposed class) and Defendants should be able to schedule the deposition of intervenor.

11. Intervenor will be prejudiced if this motion is denied. The cost of litigating virtually the same issues in separate litigation will be costly and time-consuming.

WHEREFORE, Intervenor Wendy Shabar respectfully requests that this Court give her leave to intervene and file the attached Complaint in Intervention, and grant such other and further relief as may be just and proper.

**WENDY SHADBAR**

**By:** /s/ Cynthia H. Hyndman
One of her attorneys

Cynthia H. Hyndman
Laura R. Feldman
ROBINSON CURLEY P.C.
300 South Wacker Drive
Suite 1700
Chicago, Illinois 60606
312-663-3100 Telephone
312-663-0303 Fax
chyndman@robinsoncurley.com
lfeldman@robinsoncurley.com