**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **SDAHRIE HOWARD, ELLENOR ALTMAN,** ) <br> **DENISE HOBBS, TAVI BURROUGHS,** ) <br> **BALVINA RANNEY, TAWANDA WILSON** ) <br> **SUSANA PLASENCIA, ESTHER JONES** ) <br> **KIMBERLY CRAWFORD-ALEXANDER** ) <br> **and DOMINIQUE FREEMAN, on behalf of** ) <br> **themselves and all others similarly** ) <br> **situated,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> **vs.** ) <br> ) <br> **COOK COUNTY SHERIFF'S OFFICE and** ) <br> **COUNTY OF COOK,** ) <br> ) <br> **Defendants.** ) | **Case No. 17 C 8146** |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

The Seventh Circuit remanded this case to the Court following this Court's

issuance of an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1.

**Background**

The Court assumes familiarity with this case's factual and procedural

background, which the Court has described in prior written opinions.  *See Howard v.*

*Cook Cty. Sheriff's Office*, No. 17 C 8146, 2020 WL 1445620, at *1–2 (N.D. Ill. Mar. 25,

2020) (indicative ruling under Rule 62.1); *Howard v. Cook Cty. Sheriff's Office*, No. 17 C

8146, 2019 WL 3776939, at *1–2 (N.D. Ill. Aug. 12, 2019) (class certification); *Brown v.*

*Cook County*, No. 17 C 8085, 2018 WL 3122174, at *1, *12 (N.D. Ill. June 26, 2018)

(motions to dismiss in this case and two related cases).

In August 2019, on a motion for class certification filed by the plaintiffs, the Court certified a class of similarly situated individuals. *Howard*, 2019 WL 3776939, at *11. In October 2018, the plaintiffs filed a motion under Rule 62.1 seeking to supplement the record and modify the certified class—by narrowing it—based on newly discovered evidence. *See Howard*, 2020 WL 1445620, at *1–2 (describing the newly discovered evidence). Although a district court loses jurisdiction over aspects of a case involved in a pending appeal, Rule 62.1 "provides a procedure by which a district court may indicate that it would modify an order that is on appeal." *Id.* at *2.

On March 25, 2020, the Court indicated that, if the Seventh Circuit remanded this case pursuant to Rule 62.1, the Court would grant the plaintiffs' motion and would enter an order modifying the class. *See id.* at *7–8. The plaintiffs asked the Seventh Circuit to remand the case in light of this Court's indicative ruling. The defendants opposed remand and, in the alternative, asked the Seventh Circuit to retain jurisdiction. On April 9, 2020, the Seventh Circuit remanded the case to this Court pursuant to Federal Rule of Appellate Procedure 12.1 and stated that it would not retain jurisdiction. The Court now grants the plaintiffs' motion to modify the class.

## Discussion

For the reasons stated in the Court's indicative ruling dated March 25, 2020, the Court has concluded that it is appropriate to certify a narrower class than the one it previously certified. *See Howard*, 2020 WL 1445620, at *4–8. Therefore, for the reasons stated in the Court's indicative ruling and the Court's August 12, 2019 decision on class certification, the Court finds that the following modified class meets the

requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3) (modifications in italics):

> All women who have been employed by the Cook County Sheriff's Office at the Jail, or as Court Services deputies at the Leighton Courthouse, or by the County in positions with Cermak Health Services, at any time since April 23, 2015, except women who, during that period, have held the positions identified *in Exhibit B to the plaintiffs' Rule 62.1 motion [dkt. no. 242-2 at 2]* or who were employed in supervisory roles.

*Howard*, 2020 WL 1445620, at *8; *see also id.* at *4–8; *Howard*, 2019 WL 3776939, at *5–10.

## Conclusion

For the foregoing reasons, the Court grants the plaintiffs' motion to modify or refine the certified class [dkt. no. 243] and certifies the following class under Rule 23(b)(3): All women who have been employed by the Cook County Sheriff's Office at the Jail, or as Court Services deputies at the Leighton Courthouse, or by the County in positions with Cermak Health Services, at any time since April 23, 2015, except women who, during that period, have held the positions identified in Exhibit B to the plaintiffs' Rule 62.1 motion [dkt. no. 242-2 at 2] or who were employed in supervisory roles. The Court also appoints the following attorneys as class counsel: Noelle C. Brennan; Shelly B. Kulwin; Heather K. Afra; Emily R. Brown; Kristin H. Carter; Caitlin K. Cervenka; Ellen Eardley; Naomi B. Frisch; Rachel A. Katz; Jeffrey R. Kulwin; Caryn C. Lederer; Michael D. Lieder; Cyrus Mehri; Kate E. Schwartz; and Marni J. Willenson.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: April 12, 2020